UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>V.  )<br>  )<br>RODRICO E. MONTGOMERY,  )<br>  )<br>  Defendant.  ) | Criminal Action No. 5: 17-082-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

Defendant RodRico Montgomery has submitted a letter, which will be docketed as a motion, requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c). Montgomery pleaded guilty to one count of conspiracy to distribute oxycodone and heroin, and he is currently serving an 87-month term of imprisonment. [Record Nos. 44, 57] He now cites two circumstances in support of his compassionate-release motion: (1) the risks associated with the ongoing COVID-19 pandemic; and (2) the need to return home to care for his minor child. Montgomery has requested relief from his warden and waited the required thirty days before bringing this motion. 18 U.S.C. § 3582(c)(1)(A). He has also included documents related to his minor child, his plan upon release, and his educational history. For the following reasons, Montgomery's motion for a sentence reduction will be denied.

To receive a sentence reduction, Montgomery must satisfy the "three substantive requirements for granting relief" contained in 18 U.S.C. § 3582(c)(1)(A). *United States v. Ruffin*, No. 20-578, --- F.3d ----, 2020 WL 6268582 (slip op. at 6) (6th Cir. Oct. 26, 2020).

The statute allows the Court "to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. No-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020). In determining whether "extraordinary and compelling reasons" exist, the Court looks to section 1B1.13 of the United States Sentencing Guidelines.

### a. Extraordinary and Compelling Reasons

1. Medical Reasons

Montgomery argues that "those with underlying medical conditions are to be released for safety because social distancing in prison is all but impossible, and those with certain health issues are more likely to contract and possibly die from the coronavirus." He contends that he suffers from lung complications due to a gunshot wound, but provides no evidence documenting a current condition. He also states that his current cellmate recently recovered from COVID-19.

To show "extraordinary and compelling reasons" justify release, an inmate must be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(ii). Montgomery has not shown his medical condition falls within this category, and the risk of COVID-19 "is not sufficient to justify release." *United States v. Brummett*, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) (citations omitted). Without "evidence that he currently suffers

from COVID-19 or any other unmanageable, debilitating, or terminal condition," his claim fails on the merits. *Id.*

2. Family Circumstances

Montgomery also argues that he "need[s] to get home to keep [his] daughter from being permanently placed in foster care." Family circumstances can constitute "extraordinary and compelling reasons" if, as relevant here, "the caregiver of the defendant's minor child or minor children" dies or is incapacitated. U.S.S.G. § 1B1.13 n.1(C)(i). Montgomery has provided documents related to a Michigan child custody matter which state that his child was placed in temporary foster care "due to physical abuse by Natural Mother and Natural Father's long-term incarceration." They also indicate that "the court-approved permanency plan" is to return the child to the parents, and that Montgomery entered "a no contest plea to the petition on this date and a Parent Agency Agreement was adopted."

Without context or explanation, the Court can draw few conclusions from these documents. They do not support Montgomery's assertion that his child will be placed in permanent foster care if he is not released. Rather, they appear to show that the child will be taken out of foster care when it becomes possible. And even if permanent foster care is a possibility, it is unclear whether placement of a child in foster care could be considered an extraordinary and compelling reason. The application notes reference "death or incapacitation" of a caregiver. U.S.S.G. § 1B1.13 n.1(C)(i). For BOP purposes, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *Federal Bureau of Prisons*, *Program Statement* 5050.50, *Compassionate*

*Release/Reduction in Sentence*, at 7 (2019); *see also United States v. Collins*, No. 15-10188-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (adopting the BOP definitions). Nothing in the record suggests that the child's mother or her foster parents have suffered this type of physical incapacitation.

Additionally, compassionate release is intended for situations in which a "child is at risk of harm or will not be cared for" absent a sentence reduction. *United States v. Ingram*, No. 14-303(2), 2020 WL 3104643, at *3 (D. Minn. June 11, 2020). Here, the documents Montgomery provided indicate that his minor child is being cared for by foster parents. And even if foster placement was an extraordinary and compelling circumstance, Montgomery has not shown that he "is able to assume the responsibilities of a caretaker" once released. *United States v. Paul*, No. 3: 18-cr-227, 2020 WL 5807343, at *2 (S.D. W. Va. Sept. 25, 2020). If genuine, his stated desire to be a better father is admirable, but these circumstances do not justify his release.

b. **Section 3553(a) Factors**

Even if Montgomery could show a sentence reduction is justified, he has not shown that the section 3553(a) factors support his release. In addition to committing a serious crime, which involved distribution of a significant amount of controlled substances, Montgomery has a lengthy criminal history. His sentence, at the top of the guideline range, protects the public, affords deterrence, and reflects the seriousness of his offense. His alleged desire to change, his participation in prison programs, and his post-release plans are positive signs, but they do not outweigh the need for Montgomery to serve his full term of imprisonment. His release is not justified under 18 U.S.C. § 3553(a).

- 5 -

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Montgomery's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is **DENIED**.

2. The Clerk of Court is **DIRECTED** to file a copy of Defendant Montgomery's letter in the record.

Dated: November 4, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky